Case 3:15-cv-00403-L Document 91 Filed 09/23/16 Page 1 ... NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 23 2016
CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS S. CHILDS, § | |
| Plaintiff, § | |
| v. § | No. 3:15-CV-403-L |
| RESIDENT COLLECT, INC., et al., § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), Thomas S. Childs' ("Plaintiff") Motion for the Appointment of Counsel [ECF No. 71] has been referred to the United States Magistrate Judge for proposed findings and recommendations for disposition of the motion. *See* Order of Reference, ECF No. 75. "By statute, the court has discretion to appoint counsel in a civil case . . . ." *Marquez v. Woody*, 440 F. App'x 318, 326 (5th Cir. 2011) (citing 28 U.S.C. § 1915(e)(1)). "In deciding whether to appoint counsel, the court should consider 'the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.'" *Id.* (quoting *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)). "'The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.'" *Id.* (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). Upon consideration of the foregoing, the undersigned respectfully recommends that the District Court DENY Plaintiff's Motion for the Appointment of Counsel [ECF No. 71].

**SO RECOMMENDED**, this 23 day of September, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

2