IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THOMAS S. CHILDS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:15-CV-403-L** |
| **RESIDENT COLLECT, INC. d/b/a** | § | |
| **RESIDENT COLLECT,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Compel Defendants to Respond to Discovery and for an Extension of Plaintiff's Primary Expert Deadline ("Motion") (Doc. 104), filed November 3, 2016. After considering the Motion and record in this case, the court **denies** Plaintiff's Motion to Compel Defendants to Respond to Discovery and for an Extension of Plaintiff's Primary Expert Deadline (Doc. 104); and **strikes** Plaintiff's expert designations (Doc. 69).

## I.    Procedural Background

By order dated October 12, 2016, the court gave Plaintiff an opportunity to amend his deficient expert designations rather than striking them as requested by Defendants. The court ordered Plaintiff to amend his expert designations no later than November 2, 2016, and warned that failure to do so could result in the court striking his expert designations without further notice. Plaintiff did not file his amended expert designations by November 2, 2016, as ordered. Plaintiff instead waited until November 3, 2016, to file his Motion. Because Plaintiff's request for an extension of his amended expert designation deadline was not filed until after the court-ordered November 2, 2016 deadline, the request is untimely. Plaintiff contends that additional time is needed

to amend his expert designations and prepare expert reports because of alleged discovery abuses by Defendants.  His motion to compel discovery is also untimely, however, as the deadline for filing motions to compel discovery expired October 11, 2016.

## II.     Plaintiff's Motion to Compel Discovery and Extend Expert Designation Deadline

Because the extended expert designation and motion to compel discovery deadlines have expired, Plaintiff must first show "good cause" for his failure to meet the scheduling order deadlines under Rule 16(b) before the court can modify a scheduling order and permit the requested late filing. *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  *Id*. at 536.  In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id*. (internal quotation marks, brackets, and citations omitted).

After weighing the foregoing factors, the court determines that Plaintiff has not established good cause for his untimely Motion to compel discovery and further extend his expert designation deadline.  Regarding the first factor, Plaintiff contends that discovery not produced by Defendants is needed for his expert reports and designations, but he has not provided any explanation for his

**Memorandum Opinion and Order- Page 2**

failure to file timely his motion to compel discovery.  According to the documents attached to Plaintiff's Motion, the discovery requests at issue were served on Defendants on August 23, 2016, more than one month after the original deadline for Plaintiff's expert designations, and Defendants served their responses and objections to the requested discovery on September 22, 2016, nineteen days before the deadline to compel discovery.  Plaintiff does not set forth any reason in his Motion that he could not have requested this discovery sooner or moved to compel the discovery before expiration of the October 11, 2016 deadline.  Thus, Plaintiff has not shown that the deadline to compel discovery or the amended expert designation deadline could not be reasonably met despite the exercise of diligence.

The remaining factors also weigh against allowing the late amendment.  As noted, Plaintiff contends that additional time is needed to amend his expert designations because Defendants failed to respond to discovery requested by him on August 23, 2016.  Plaintiff, however, fails to explain why the following four discovery items requested by him are necessary to amend his expert designations, prepare expert reports, or meet his burden of proof with respect to his claims for Fair Credit Reporting Act, based on Defendants' alleged failure to investigate credit discrepancies and follow reasonable procedures to assure accuracy of reported information:

a. The Apartment Unit Ledger for Unit #1002 at Enclave at Valley Ranch.

b. The sales agreements between Resident Check and Enclave/IMT Residential and also Resident check and Eastbridge Apartment Homes

c. The list of fixed assets used in each of Defendants' businesses and the current value of those assets.

d. The actual handwritten debt instrument executed between Resident Collect/Allied and Enclave/IMT Residential with samples of Ms. Missy May's handwriting to be personally inspected by a document expert.

**Memorandum Opinion and Order- Page 3**

Ex. A to Pl.'s Mot.  As herein explained, Plaintiff also requests, in passing, an extension to conduct unspecified depositions without providing any information regarding the deponents or information sought. Accordingly, Plaintiff has not established the importance of the requested written discovery or depositions to the claims and defenses asserted in this case.

Defendants, on the other hand, will likely be prejudiced by a further delay of several months that will result if Plaintiff is allowed to proceed with his motion to compel and his expert designation deadline is further extended.  Although the court amended Defendants' expert deadlines and stated in its prior order that it would amend the trial setting and pretrial deadlines to cure any prejudice to Defendants as a result of the court allowing Plaintiff to amend his expert designations, it did not anticipate that an extension of the summary judgment deadline would also be necessary, and Plaintiff has not requested such an extension. Plaintiff, nevertheless, contends in his October 16, 2016 response to Defendants' summary judgment motion that was ripe as of October 25, 2016, that triable issues of fact remain in this case because Defendants failed to comply with his August 2016 discovery requests. Thus, Plaintiff's untimely Motion, if granted, would delay resolution of Defendants' summary judgment motion, require the filing of amended or supplemental summary judgment briefs and evidence by both parties, and unfairly reward Plaintiff for unnecessarily delaying and failing to file a motion to compel discovery by the October 11, 2016 deadline.  The court will, therefore, deny Plaintiff's Motion to the extent he seeks to compel discovery requested in August 2016 and further extend his expert designation deadline.

## III.    Plaintiff's Failure to Comply with Scheduling Order Deadline as Amended

Federal Rule of Civil Procedure 16(b) gives federal courts the authority to control and expedite discovery through a scheduling order.  *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380

(5th Cir. 1996) (citation omitted).  Consistent with the authority vested under Rule 16, district courts have "broad discretion to preserve the integrity and purpose of the pretrial order." *Id.* (quotation omitted).  District courts also have authority under Federal Rule of Civil Procedure 37(b)(2)(B) "to impose sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence." *Id.* (citation omitted). Consideration of the same or similar factors discussed above with respect to relief requested in Plaintiff's Motion support striking Plaintiff's expert designations for failure to comply with the court's October 12, 2016 order, which extended Plaintiff's deadline to file his amended expert designations and comply with Federal Rule of Civil Procedure 26(a)(2). *See Barrett*, 95 F.3d at 380 (explaining that a district court's decision to exclude expert testimony for violation of a scheduling or discovery order is reviewed for an abuse of discretion by examining factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.").  Moreover, Plaintiff was expressly warned regarding the consequences of any failure by him to comply with the court's October 12, 2016 order.  Consistent with that warning, the court will strike Plaintiff's original expert designations that the court previously determined failed to comply with the court's scheduling order.

## IV.    Plaintiff's Request for Extension to Conduct Depositions

In addition to seeking to compel the production of discovery and extend his expert designation deadline, Plaintiff requests that the court "also grant an extension to conduct depositions in this case."  Pl.'s Mot. 2.  No other information regarding this request is provided.  As the discovery and motion to compel deadlines have expired, and Plaintiff has not established good cause

to revive these deadlines, the court will not extend the discovery deadline to allow Plaintiff to conduct depositions that were not timely noticed or conducted during the discovery period. The court is aware that the magistrate judge recently entered an order (Doc. 102) granting and denying in part Defendants' Motion for Protective Order (Doc. 79), filed August 26, 2016, with respect to depositions noticed by Plaintiff, but it is not clear whether Plaintiff's Motion pertains to the depositions that are the subject of the magistrate judge's order. The basis for the requested extension is also unclear. Further, because it appears that no deadline was set for the depositions authorized by the magistrate judge's order, the court will deny Plaintiff's request for an extension to conduct these or other unspecified depositions.

## V.      Conclusion

For reasons stated, the court concludes that Plaintiff has not establish good cause for failing to meet the deadline for discovery motions set forth in the scheduling order. Accordingly, the court **denies** Plaintiff's Motion to Compel Defendants to Respond to Discovery (Doc. 104) as untimely and for failure to show good cause; **denies** Plaintiff's Motion for an Extension of Plaintiff's Primary Expert Deadline (Doc. 104), as it was filed untimely and is based on Plaintiff's untimely motion to compel discovery; and **denies** Plaintiff's request for an extension to conduct depositions. Further, the court **strikes** Plaintiff's expert designations (Doc. 69) for failure to comply with the court's scheduling order and its order, dated October 12, 2016, which revived and extended the deadline for Plaintiff to file his amended expert designations.

**It is so ordered** this 3rd day of November, 2016.



Sam A. Lindsay
United States District Judge