IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS S. CHILDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-403-L (BT) |
| | § | |
| RESIDENT COLLECT, INC., et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Motion for Attorney's Fees and Costs [ECF No. 116], filed by Defendants Resident Collect, Inc. d/b/a Resident Collect, Allied Collection Services, Resident Check, Inc. d/b/a Resident Check, Enclave at Valley Ranch, and Investors Management Trust Real Estate Group d/b/a IMT Residential. This motion was referred to the United States magistrate judge for proposed findings and recommendation for disposition of the motion. *See* Order of Reference [ECF No. 117]. Plaintiff Thomas S. Childs failed to file a response to the motion, and the time to do so has passed. For the following reasons, Defendants' Motion for Attorney's Fees and Costs should be GRANTED in part and DENIED in part.

### DISCUSSION

On September 11, 2017, the District Court granted Defendants' Motion for Summary Judgment, disposing of this case. *See* Mem. Op. & Order [ECF No. 114].

1

In the Memorandum Opinion and Order granting summary judgment, the District Court determined that "Defendants are entitled to recover from Plaintiff their reasonable expenses, including attorney's fees, caused by Plaintiff's failure to attend his deposition on September 26, 2016[.]" *See* Mem. Op. & Order 27. The District Court further determined that Defendants are entitled "to recover from Plaintiff their reasonable attorney's fees and expenses incurred with respect to Plaintiff's failure to comply with the magistrate judge's October 24, 2016 discovery order and in preparing and filing their motion for sanctions." *See* Mem. Op. & Order 30. Therefore, Defendants filed their Motion for Attorney's Fees and Costs in accordance with the District Court's Memorandum Opinion and Order. In the Motion for Attorney's Fees and Costs, Defendants seek an award of $425.75 in costs and $3,804.00 in attorney's fees, for a total of $4,229.75. *See* Mot. 1.

## **Attorney's Fees**

Defendants seek the attorney's fees in the following amounts in connection with Plaintiff's failure to attend his deposition on September 26, 2016: (1) 6 hours at an hourly rate of $250.00, for a total of $1,500.00, for Partner Robbie Malone; and (2) 9.6 hours at an hourly rate of $90.00, for a total of $864.00, for Law Clerk Jacob Bach. *See* Defs.' Br. 4 [ECF No. 116-1]. Defendants also seek the following fees in connection with Plaintiff's failure to comply with the Court's October 24, 2016 discovery order and in preparing and filing the motion for

sanctions: (1) 4.5 hours at a hourly rate of $250.00, for a total of $1,125.00, for Partner Robbie Malone; (2) 2.7 hours at a hourly rate of $90.00, for a total of $243.00, for Law Clerk Jacob Bach; and (3) 0.8 hour at a hourly rate of $90.00, for a total of $72.00, for Paralegal Jodi Unger. *See* Defs.' Br. 4. The Court finds that the rates charged by defense counsel are reasonable and are within the market rates for attorneys handling litigation in federal court in the Dallas area. The Court also has reviewed the detailed billing entries submitted by defense counsel and finds that the time submitted is reasonable for the various tasks described. *See* Defs.' Ex. 2 [ECF No. 116-3]; *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

Although "[t]here is a 'strong presumption that the lodestar award is the reasonable fee[,]' . . . 'the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors.'" *DerMargosian*, 2014 WL 1632181, at *2 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *Sec. & Exch. Comm'n v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008)). Upon consideration of the *Johnson* factors,[1] the Court

---

[1] The Johnson factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

3

does not find that any adjustment to the lodestar is necessary. *See DerMargosian*, 2014 WL 1632181, at *2 n.6 ("[C]ourts 'need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework.'") (citing *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009)). Therefore, Defendants should be awarded $3,804.00 in attorney's fees.

## Costs

Defendants also seek costs under 28 U.S.C. § 1920, in the amount of (i) $168.15 for copies necessarily obtained for use in this case and (ii) $257.60 for the certificate of non-appearance for Plaintiff's deposition. *See* Defs.' Br. 3; Defs.' Ex. 4 [ECF No. 116-5]. "The court's discretion in taxing costs is limited to the recoverable costs set forth in 28 U.S.C. § 1920." *Woodberry v. Dallas Area Rapid Transit*, 2017 WL 1408826, at *1 (N.D. Tex. Apr. 20, 2017) (Lindsay, J.). Under Section 1920, the Court may award the prevailing party costs as follows: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the

---

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Castro v. Precision Demolition LLC*, 2017 WL 6381742, at *2 n.2 (N.D. Tex. Dec. 14, 2017) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "The Supreme Court has barred any use of the sixth factor." *Id.* (citing *Merrick v. Scott*, 2011 WL 1938188, at *1 (N.D. Tex. May 20, 2011); *Rutherford v. Harris Cty.*, 197 F.3d 173, 193 (5th Cir. 1999)). "And the second factor generally cannot be used as a ground for enhancing the award." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010)).

4

case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. *See* 28 U.S.C. § 1920. Any "costs for copies . . . must be demonstrated to have been 'necessarily obtained for use in the case[.]'" *Coach, Inc. v. Sassy Couture*, 2012 WL 162366, at *13 (W.D. Tex. Jan. 19, 2012).

Defendants' submissions do not permit the Court to discern whether any copies were in fact necessarily obtained for use in the case. Although it is not necessary for "a prevailing party to identify every xerox copy made for use in the course of legal proceedings, [a court will] require some demonstration that reproduction costs necessarily result from that litigation." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). Defendants do not identify the copies for which they seek to recover costs; nor do they offer any explanation, much less evidence, that such copies were necessarily obtained for use in the case. Therefore, Defendants' request for $168.15 in costs for copies should not be allowed. Section 1920 also does not explicitly authorize recovery of the costs of obtaining certificates of non-appearance. *Canion v. United States*, 2005 WL 2216881, at *3 (W.D. Tex. Sept. 9, 2005). Plaintiffs thus should not be awarded the $257.60 for the certificate of non-appearance for Plaintiff's deposition. *See Gonzales v. Pan Am. Labs., L.L.C.*, 2018 WL 2321896, at *3 (N.D. Tex. May 4, 2018), *rec. adopted*, 2018 WL 2317749 (N.D. Tex. May 22, 2018)

(Lindsay, J.) (disallowing costs for copies not shown to have been necessarily obtained for use in the case and costs for certificates of non-appearance); *see also Mancia v. JJ Chan Food, Inc.*, 2016 WL 4468092, at *4 (N.D. Tex. June 21, 2016), *rec. adopted*, 2016 WL 4446627 (N.D. Tex. Aug. 24, 2016) (Lindsay, J.) (same).

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court GRANT Defendants' Motion for Attorney's Fees and Costs, in part, and award Defendants $3,804.00 in attorney's fees. The Court should decline to award Defendants any costs.

**SO RECOMENDED**.

June 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).